IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MICHAEL and AMANDA GREENE                                              PLAINTIFFS

v.                                                CIVIL ACTION NO. 3:12cv347-DPJ-FKB

INDYMAC BANK, FSB, et al.                                              DEFENDANTS

ORDER

This *pro se* diversity case is before the Court on the Rule 12(b)(6) Motion of Defendants Deutsche Bank National Trust Company, Mortgage Electronic Registration System ("MERS"), and Residential Asset Securitization Trust, Series 2007-A5, Pass-Through Series 2007-E (collectively "Defendants") [21].[1] In their Amended Complaint, Plaintiffs seek a declaration that none of the Defendants have any security interest in their home because the purported transfers of their note were illegal under Mississippi law. In effect, they ask the Court to award them free and clear title to their home, despite never alleging that they have paid the $630,000 debt. Because "such windfalls are the province of the sweepstakes, not of the federal courts," Defendants' Motion to Dismiss will be granted. *Wiggington v. Bank of N.Y. Mellon*, No. 12-10136, 2012 WL 4053793, at *3 (5th Cir. Sept. 14, 2012).

I.    Factual Allegations and Procedural History

On March 1, 2007, Plaintiffs Michael and Amanda Greene borrowed $630,000 to purchase a home in Madison, Mississippi. They executed a fixed rate note to repay the funds to Home Loan Center, Inc., and a deed of trust in favor of Home Loan Center securing the note. The note explains that it may be transferred: "I understand that the Lender may transfer this Note.

---

[1]Indymac MBS, Inc. filed a motion to dismiss on October 29, 2012. On October 30, 2012, the FDIC, as Receiver for Indymac Bank, FSB, filed a letter with the Court asserting that the Court lacks jurisdiction over the FDIC as Receiver for Indymac Bank, FSB, in this matter.

The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" Mot. to Dismiss [21] Ex. A, Note at 1. The back side of the final page of the note contains two endorsements: Home Loan Center endorsed the note "Pay to the Order of Indymac Bank, FSB," and Indymac Bank endorsed the note in blank. *Id.* at 4. The deed of trust named MERS as the beneficiary "as a nominee for Lender and Lender's successors and assigns" and explained that "[t]he Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." Mot. to Dismiss [21] Ex. B, Deed of Trust at 1, 10.

Plaintiffs allege that the note was sold several times, including to defendants Deutsche Bank and Residential Asset Securitization Trust, but that the deed of trust was not effectively transferred or assigned to any other party. As a result, Plaintiffs claim, "the security interest in Plaintiffs' property known as the Deed of Trust and or [sic] mortgage was terminated . . . ." Amended Compl. [4] ¶ 21. Based on this assertion, Plaintiffs raise four counts in their May 22, 2012 Amended Complaint: wrongful foreclosure, fraud, quiet title, and declaratory relief. Defendants moved for dismissal under Rule 12(b)(6), Plaintiffs responded in opposition, and Defendants filed a rebuttal.[2]

---

[2]As Defendants note, Plaintiffs' response was filed nine days late. Defs.' Rebuttal [26] at 1 n.1; *see* L.U. Civ. R. 7(b)(4) (providing that responses must be filed within fourteen days after service of a motion); Fed. R. Civ. P. 6(d) (providing that three days are added after the period would otherwise expire for certain types of service, including service by mail). Defendants served their motion on Plaintiffs via U.S. Mail on June 27, 2012, making Plaintiffs' response due July 16, 2012. "Even pro se litigants must comply with procedural rules . . . ." *Vafaiyan v. City of Witchita Falls, Tex.*, 398 F. App'x 989, 990 (5th Cir. 2010) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). Nevertheless, the Court excuses the tardy response and has considered Plaintiffs' submission, which largely ignores Defendants' arguments and fails to cite any relevant authority.

II.      Standard

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Supreme Court's examination of the issue in *Iqbal* provides a framework for examining the sufficiency of a complaint. First, the district court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

3

Ordinarily, a court decides a motion to dismiss for failure to state a claim looking only at the face of the complaint; if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." Fed. R. Civ. P. 12(d); *see In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2011). Documents attached to a motion to dismiss that are "referred to in the plaintiff's complaint and . . . central to [his] claim," however, are considered part of the pleadings for purposes of a motion under Rule 12(b)(6). *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). In this case, Defendants attached to the motion to dismiss the note, deed of trust, and the Pooling and Servicing Agreement under which the note and deed were transferred to Deutsche Bank in 2007. Mot. to Dismiss [21] Ex. A–C. Because these documents are "referred to in the plaintiff[s'] complaint and . . . central to [their] claim," the Court may consider them in ruling on Defendants' motion.

III.   Analysis

All four of Plaintiffs' claims rest on the same flawed theory—that their note became unsecured when allegedly split from the deed of trust during post-closing transfers. Under Plaintiffs' reasoning, they believe they have won "a free house" as a result of the transfer of their note from one lender to another. *Wiggington*, 2012 WL 4053793 (affirming dismissal of similar split-note case under Texas law).

The Greenes are not the first homeowners to attempt to nullify their debt in this way, but as this Court has already noted, the theory finds no support in Mississippi law and has been "repeatedly discredited." *Emmons v. Capital One, N.A.*, No. 1:11cv99-RHW, 2012 WL 773288, at *4 (S.D. Miss. Mar. 6, 2012) (dismissing claim and collecting cases); *see also Kirby v. Bank of*

*Am., N.A.*, 2:09cv182-DCB-JMR, 2012 WL 1067944, at *3 (S.D. Miss. Mar. 29, 2012) (addressing the plaintiffs' argument that separating the note and the deed "makes any subsequent transfers of the Note or the Deed void under Mississippi law" and noting that "[t]his once-novel theory of mortgage law has been consistently rejected by courts which have considered its merit") (collecting cases); *Lindsey v. Bates*, 42 Miss. 397, 1869 WL 3765, at *2 (Miss. 1869) ("[T]he assignment of the note carries with it the mortgage, which is a mere incident to the debt, and the assignee of the note is entitled to resort to the mortgage and all other securities, which were given for the purpose of assuring its payment, as its incidents.") (cited in *Kirby*, 2012 WL 1067944, at *4). Plaintiffs have offered no helpful authority to support their claim, and the Court sees no need to rehash the legal analysis provided in these earlier cases. As applied to each of their four causes of action, Plaintiffs' claims should be dismissed.

    A.    Wrongful Foreclosure

Mississippi law recognizes a claim for wrongful foreclosure. *Nat'l Mortg. Co. v. Williams*, 357 So. 2d 934 (Miss. 1978). While the elements of the claim have not been clearly stated, an aggrieved mortgagor ordinarily "may recover damages or have the foreclosure set aside." *West v. Nationwide Tr. Servs., Inc.*, 1:09CV295 LG-RHW, 2010 WL 3122801, at *3 (S.D. Miss. Aug. 4, 2010) (citing *Williams*, 357 So. 2d at 936). The claim may exist "where an unlawful foreclosure is attempted solely from a malicious desire to injure the mortgagor; or . . . where the foreclosure is conducted negligently or in bad faith, to his detriment." *Williams*, 357 So. 2d at 935–36 (quoting 59 C.J.S. Mortgages § 491 (1949)). Some authority suggests that a wrongful foreclosure claim may not be asserted until there has "been a foreclosure sale." *West*, 2010 WL 3122801, at *3 (citing *Temple-Inland Mortg. Corp. v. Jones*, 749 So. 2d 1161, 1167

(Miss. Ct. App. 1999)); *accord Smith v. Bank of Am., N.A.*, No. 2:11cv120-MPM-JMV, 2012 WL 4320845, at *4 (N.D. Miss. 2012).

Here, Plaintiffs allege that "Defendants, and each of them, . . . have illegally commenced foreclosure under the Note on the Property via a foreclosure action supported by false or fraudulent documents in violation of the Mississippi Penal Code." Am. Compl. [4] ¶ 68. Plaintiffs do not allege that a foreclosure sale has taken place. Rather, Plaintiffs assert that the pending foreclosure is wrongful "since none [of the Defendants] own the Note or had any legal relationship with . . . the last owner of the Note . . . ." *Id.* Thus, Plaintiffs base their wrongful foreclosure claim on their belief that transferees of the note have no security interest in the property. Assuming Plaintiffs may assert a wrongful foreclosure claim before a foreclosure sale is actually completed, and assuming further that the claim was sufficiently pleaded under *Iqbal/Twombly*, Plaintiffs' legal premise for the wrongful foreclosure claim has no basis in Mississippi law. *See Emmons*, 2012 WL 773288, at *4. The claim therefore fails under Rule 12(b)(6).[3]

B.   Fraud

Plaintiffs' fraud claim also challenges the validity of the assignments, claiming that Defendants "misrepresented to Plaintiffs that [they were] entitled to receive mortgage payments from Plaintiffs" when they, "[i]n fact, . . . were not entitled to receive mortgage payments as [they] did not have equitable, or actual beneficial interest in the Note or the property." Am.

---

[3]It is worth noting Defendants' argument that Plaintiffs are current on their loan and no foreclosure proceeding has been initiated or even threatened. Defs.' Mem. [22] at 9. If they are current and no foreclosure has been threatened, then a wrongful foreclosure claim would not be ripe. That said, Defendants' assertion goes beyond the pleadings and cannot contradict Plaintiffs' averments at the Rule 12(b)(6) stage.

6

Compl. [4] ¶ 72. They essentially claim that any representation by any party that it is entitled to enforce the note is necessarily fraudulent:

> No party is entitled to receive mortgage payments from the Plaintiffs since the original Note has been paid off at least twice: Once by INDYMAC BANK, FSB when it purchased the Note and then again when the Note was paid off by default insurance taken out by RESIDENTIAL ASSET SECURITIZATION TRUST 2007-A5, PASS-THROUGH SERIES 2007-E.

*Id.* ¶ 73.

There are a couple of problems with Plaintiffs' fraud claim. First, as stated above, the underlying legal premise—that the transferees of the note had no rights under the note or deed of trust—finds no support in Mississippi law. *See Emmons*, 2012 WL 773288, at *4. Indeed, the legal conclusion disguised as a factual allegation that the Greenes' liability under the note ceased when it was "paid off" through a transfer to another lender lacks facial plausibility. *See Iqbal*, 556 U.S. at 678.

Second, Plaintiffs fail to allege their fraud claim with the particularity required by Federal Rule of Civil Procedure 9(b), which requires a party to "state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). "At a minimum, Rule 9(b) requires allegations of the particulars of 'time, place, and contents of the false representations, as well as the identity of the person making the representation and what he obtained thereby.'" *Tel-Phonic Servs., Inc. v. TBS Intern., Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1297, at 590 (1990)). Under Mississippi law, to state a claim for fraud, a plaintiff must plead with factual particularity the following nine elements:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance

of its falsity; (7) his reliance on the truth; (8) his right to rely thereon; [and] (9) his consequent proximate injury.

*Smith v. Union Nat. Life Ins. Co.*, 187 F. Supp. 2d 635, 650 (S.D. Miss. 2001) (citation omitted). "In pleading the elements of an actionable fraud claim, the underlying allegations must be factual and not conclusory." *Da Luz v. Five Star Contractors*, No. 1:09cv268-HSO-JMR, 2012 WL 1070117, at *5 (S.D. Miss. Mar. 29, 2012) (citing *Smith*, 187 F. Supp. 2d at 650). "Rule 9(b) requires the who, what, when, where, and how of a fraud claim to be laid out." *Id.* (citing *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)).

Reviewing the Amended Complaint reveals a generic form that fails to plead a fraud claim with requisite particularity. No specific misrepresentation has been attributed to any particular Defendant, and Plaintiffs have not explained when and how the alleged misrepresentations were made. This is particularly important in light of the three-year statute of limitations that applies to fraud claims. Miss. Code Ann. § 15-1-49; *see* Defs.' Mem. [22] at 9. Because Plaintiffs' fraud claim is based on an inaccurate interpretation of Mississippi law and is pleaded without with the particularity required by Rule 9(b), dismissal is proper.

C. Quiet Title

As with the other claims, Plaintiffs' quiet title claim is based on their erroneous belief that any transfer of the note destroyed the security interest in their property such that they own their property free and clear. Moreover, as Defendants point out, Plaintiffs' quiet title claim fails because Plaintiffs do not include the deraignment of title required by section 11-17-35 of the Mississippi Code:

> In bills to confirm title to real estate, and to cancel and remove clouds therefrom, the complainant must set forth in plain and concise language the deraignment of

> his title. If title has passed out of the sovereign more than seventy-five (75) years prior to the filing of the [Complaint], then the deraignment shall be sufficient if it show title out of the sovereign and a deraignment of title for not less than sixty (60) years prior to the filing of the [Complaint]. A mere statement therein that complainant is the real owner of the land shall be insufficient, unless good and valid reason be given why he does not deraign his title.

*See also Moore v. McDonald*, 47 So. 3d 1186, 1189 (Miss. Ct. App. 2010); 7 G. Ogletree & D. Rueff, Encyclopedia of Mississippi Law § 60:117 ("This generally requires proof that title passed from the sovereign by reference to the patent and a deraignment of title for at least 60 years prior to the filing of the complaint."). Plaintiffs' Amended Complaint contains nothing more than "[a] mere statement . . . that [Plaintiffs are] the real owner[s] of the land," which is "insufficient" under section 11-17-35. For these reasons, dismissal of the quiet title claim is appropriate.

D.  Declaratory Relief

Plaintiffs' final claim is one for declaratory relief. Plaintiffs "request a judicial determination of the rights, obligations and interest of the parties with regard to the Property." Am. Compl. [4] ¶ 89. The foundation for the alleged dispute as to the parties' respective rights is Plaintiffs' mistaken belief that any and all transfers of the note were ineffective under Mississippi law. Because the underlying premise has no foundation in Mississippi law, the Court concludes that the claim for declaratory relief presents no justiciable controversy.

For a court to exercise jurisdiction over a claim for declaratory relief, the claim must be justiciable. *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). "Typically, this becomes a question of whether an 'actual controversy' exists between the parties to the action." *Id.* "As a general rule, an actual controversy exists where 'a substantial controversy of sufficient immediacy and reality [exists] between parties having adverse legal interests.'" *Id.* at

896 (quoting *Middle S. Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986)) (additional citation omitted). A complaint seeking declaratory relief "must allege facts from which it appears there is a substantial likelihood that [the plaintiff] will suffer injury in the future." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (citations omitted). Moreover, "[i]n a declaratory judgment action, the parties litigate the underlying claim, and the declaratory judgment is merely a form of relief that the court may grant." *Val-Com Acquisitions Trust v. CitiMortgage, Inc.*, 421 F. App'x 398, 400–01 (5th Cir. 2011).

For the same reasons Plaintiffs fail to state a claim as to their substantive claims, the claim for declaratory relief presents no justiciable controversy. There is no "substantial controversy," and Plaintiffs have not alleged "a substantial likelihood that [they] will suffer injury in the future," because there is nothing invalid about the manner in which the note was allegedly assigned. *Wolfe*, 212 F.3d at 895; *Bauer*, 341 F.3d at 358. Thus, the claim for declaratory relief must be dismissed for lack of subject matter jurisdiction.

IV. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Defendants' Motion to Dismiss [21] is granted, and Plaintiffs' claims against Deutsche Bank National Trust Company, Mortgage Electronic Registration System, and Residential Asset Securitization Trust, Series 2007-A5, Pass-Through Series 2007-E are dismissed *with prejudice*. *See Wiggington*, 2012 WL 4053793 (affirming

dismissal with prejudice of split-note case where district court concluded amendment would be futile).

**SO ORDERED AND ADJUDGED** this the 6th day of November, 2012.

                                               s/ *Daniel P. Jordan III*
                                               UNITED STATES DISTRICT JUDGE